

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-18-00064-CR

———————————————

DEYLAN WALKER, Appellant

V.

THE STATE OF TEXAS

On Appeal from County Criminal Court No. 5
Denton County, Texas
Trial Court No. CR-2015-04662-E

Before Bassel, J.; Sudderth, C.J.; and Womack, J.
Per Curiam Memorandum Opinion

# MEMORANDUM OPINION

A jury found Appellant Deylan Walker guilty of driving while intoxicated. *See* Tex. Penal Code Ann. § 49.04(a). At punishment, Walker pleaded "true" to the enhancement—that he had previously been convicted for driving while intoxicated—which raised his offense from a Class B misdemeanor to a Class A misdemeanor. *See id.* §§ 49.04(b), 49.09(a). After hearing mitigating character evidence, the jury assessed Walker's punishment at 365 days in jail and a $2,500 fine and recommended that his sentence be suspended and that he be placed on community supervision. *See id.* § 12.21 (stating that allowable punishment for Class A misdemeanor includes a fine not to exceed $4,000, confinement in jail for a term not to exceed one year, or both such fine and confinement). In accordance with the jury's recommendation, the trial court sentenced Walker to 365 days in jail, suspended imposition of the sentence but not the fine, and placed him on community supervision for twenty-four months. *See* Tex. Code Crim. Proc. Ann. art. 42A.053(f) (stating that maximum period of community supervision in a misdemeanor case is two years).

Walker's court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion. Counsel's brief and motion meet the requirements of *Anders v. California* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief. *See* 386 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967). In compliance with *Kelly v. State*, counsel notified Walker of the motion to withdraw, provided him a copy of the brief, informed him of

his right to file a pro se response, informed him of his pro se right to seek discretionary review should this court hold that the appeal is frivolous, and took concrete measures to facilitate Walker's review of the appellate record.[1]  436 S.W.3d 313, 319 (Tex. Crim. App. 2014).  Walker had the opportunity to file a pro se

---

[1]On August 6, 2018, Walker's appellate counsel sent him a letter informing him that she had filed an *Anders* brief and a motion to withdraw.  In her letter, she stated that she had sent him a copy of the entire record and that, in case the items were damaged in the mail, she had enclosed a motion that Walker could sign to request a copy of the record from this court.  Because it appeared that Walker did not pick up the August 6 letter and documents that were sent to him via certified mail, Walker's appellate counsel wrote to Walker again on September 10, 2018.

On September 11, 2018, we sent a letter to Walker informing him that his appellate counsel had filed an *Anders* brief and a motion to withdraw and that he had fourteen days to send in the motion for pro se access to the appellate record that his attorney had provided to him.  On September 25, 2018, Walker sent a letter to this court claiming that he had not received all of the documents from his appellate counsel that she claimed she had sent him.

Accordingly, on October 1, 2018, this court sent a letter to Walker stating that his appellate counsel had sent him the required documents on two separate occasions, and we enclosed a copy of his appellate counsel's motion to withdraw, *Anders* brief, and her August 6 letter, which included a form to request a copy of the record.  In our letter, we stated that Walker had the right to review the record and that if he wished "to examine the record and file a pro se response, [he should] notify the Second Court of Appeals within **fourteen (14) days** of the date of this letter."  On October 15, 2018, Walker responded to our October 1 letter, acknowledging that he had received this court's letter of October 1 and its enclosures, but he did not enclose the form to request the record, nor did he state in his letter that he wanted to review the record.  Moreover, although Walker is not incarcerated and has a Dallas address on file, he has not attempted to view the record in person.

response to the *Anders* brief but did not do so.[2]  The State waived its right to file a brief in response to the *Anders* brief.

As the reviewing court, we must conduct an independent evaluation of the record to determine whether counsel is correct in determining that the appeal is frivolous.  *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays v. State*, 904 S.W.2d 920, 923 (Tex. App.—Fort Worth 1995, no pet.).  Only then may we grant counsel's motion to withdraw.  *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

We have carefully reviewed the record and counsel's brief.  We agree with counsel that this appeal is wholly frivolous and without merit, and we find nothing in the record that arguably might support the appeal.  *See Bledsoe v. State*, 178 S.W.3d 824,

---

[2]On March 22, 2019, the same day that this case was submitted and five months after the deadline for Walker's pro se response, Walker filed a pro se letter raising claims of ineffective assistance of his trial counsel and requesting the appointment of new appellate counsel.  Because direct appeal is inadequate for raising claims of an ineffective-assistance-of-counsel claim when, as here, the record does not show counsel's reasons for any alleged deficient performance and because Walker is not entitled to the appointment of appellate counsel of his own choosing, Walker's pro se letter does not dissuade us from our conclusion that this appeal is wholly frivolous and without merit.  *See Menefield v. State*, 363 S.W.3d 591, 592–93 (Tex. Crim. App. 2012) (stating that direct appeal is usually inadequate for raising an ineffective-assistance-of-counsel claim); *Imade v. State*, No. 14-09-00886-CR, 2011 WL 3064759, at *1 n.2 (Tex. App.—Houston [14th Dist.] July 26, 2011, pet. dism'd, untimely filed) (mem. op.) (not designated for publication) (stating that appellant "may not manipulate the right to counsel so as to obstruct the orderly procedure in the court or interfere with the fair administration of justice and must, in some circumstances, yield to the general interest of prompt and efficient justice" and that appellant is not entitled to his personal choice of appointed counsel).

4

827–28 (Tex. Crim. App. 2005). Accordingly, we grant counsel's motion to withdraw and affirm the trial court's judgment.

Per Curiam

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: March 28, 2019